Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>*Recurrido*<br><br><br>v.<br><br><br>EDWIN ENRIQUE MORALES VEGA<br><br>*Peticionario* | TA2025CE000134 | *Certiorari*<br>procedente del<br>Tribunal de Primera<br>Instancia, Sala<br>Superior de Fajardo<br><br>Caso Núm.:<br>NSCR201600679<br><br>Sobre:<br>Art. 95 |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 13 de agosto de 2025.

El 7 de julio de 2025, el señor Edwin Enrique Morales Vega (señor Morales Vega o peticionario) presentó, por derecho propio, el recurso de *certiorari* de epígrafe ante este Tribunal de Apelaciones.

Por los fundamentos que expondremos a continuación, **desestimamos** el recurso por falta de jurisdicción, ello, debido al incumplimiento con las disposiciones para el perfeccionamiento de este, lo que nos impide ejercer nuestra función revisora.

### I.

En su recurso, el señor Morales Vega arguyó que se encuentra confinado en el Centro Correccional de Bayamón. Además, indicó que, mediante el dictamen emitido por el Tribunal de Primera Instancia, Sala Superior de Fajardo, se le condenó a cumplir una pena de reclusión de forma consecutiva por violación al Artículo 5.04 sobre portación y uso de armas de fuego sin licencia de la Ley Núm. 404-2000, conocida como "Ley de Armas de Puerto Rico"[1] y por el Art. 95 del "Código Penal de Puerto Rico", Ley Núm. 146 de 30 de

---

[1] 25 LPRA sec. 458c.

Julio de 2012, según enmendada[2]. Por ello, solicitó que se modificara dicho dictamen, de manera que pudiera cumplir concurrentemente las sentencias impuestas.

El 15 de julio de 2025, emitimos una *Resolución* para que la Oficina del Procurador General de Puerto Rico se expresara en cuanto al recurso. A tales fines, el 29 de julio de 2025, compareció mediante *Escrito en Cumplimiento de Orden y Solicitud de Desestimación*. Así pues, con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II.

### -A-

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior[3]. La determinación de expedir o denegar este tipo de recursos se encuentra enmarcada dentro de la discreción judicial[4]. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera"[5]. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho"[6].

Con el fin de que podamos ejercer de forma sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones[7], señala los criterios que para ello debemos considerar. Éstos son:

---

[2] 33 LPRA sec. 5144.
[3] Véase *Torres González v Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334-335 (2005); *Negrón v. Srio. de Justicia*, 154 DPR 79, 90-92 (2001).
[4] *Íd.*
[5] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2014); *Negrón v. Srio. de Justicia, supra*, pág. 91.
[6] *Íd.*
[7] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. __, 215 DPR __ (2025).

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención.

**-B-**

Los tribunales estamos llamados a ser celosos guardianes de nuestra jurisdicción[8]. Por ello, antes de entrar en los méritos de una controversia, es necesario que nos aseguremos que poseemos jurisdicción para actuar, ya que los asuntos jurisdiccionales son materia privilegiada y deben ser resueltos en primer lugar[9]. El Tribunal Supremo define el concepto de "jurisdicción" como "el poder o autoridad de un tribunal para considerar y decidir casos o controversias"[10]. Las cuestiones jurisdiccionales son privilegiadas, por lo que deben ser resueltas con preferencia[11]. Si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la

---

[8] *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 994 (2012); *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *S.L.G. Szendrey Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

[9] *Cruz Parrilla v. Dpto. Vivienda*, 184 DPR 393, 403 (2012); *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007).

[10] *SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011); *Gearheart v. Haskell*, 87 DPR 57, 61 (1963).

[11] *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).

reclamación sin entrar en los méritos de la controversia"[12]. Ante dicho escenario, la Regla 83 del Reglamento del Tribunal de Apelaciones[13] contempla la desestimación de un recurso por carecer de jurisdicción para atenderlo en sus méritos. De no hacerlo, la determinación sería nula, por lo que carecería de eficacia[14].

**-C-**

En cuanto al contenido del escrito de apelación en casos criminales, la Regla 26 del Tribunal de Apelaciones en su inciso C[15] establece lo siguiente:

> (1) Se hará constar el nombre de las partes apelantes en la comparecencia.
>
> **(2) Se** hará una **referencia a la sentencia de la cual se apela, la Sala del Tribunal de Primera Instancia que la dictó y la fecha en que lo hizo o** la fecha de notificación de la resolución de una moción que hubiera interrumpido el plazo apelativo dispuesto en las Reglas de Procedimiento Criminal.
>
> (3) Se identificará cualquier otro recurso sobre el mismo caso o asunto que se encuentre pendiente a la fecha de presentación.
>
> **(4) Se incluirá un señalamiento breve y conciso de los errores en que se fundamenta la apelación.**
>
> (5) Se informará si la persona convicta se encuentra en libertad bajo fianza, en probatoria o recluida en una institución penal. (Énfasis nuestro).

Es menester señalar que, nuestro Más Alto Foro ha resuelto expresamente que el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales[16]. En lo específico, nuestra más Alta Curia expresó en *Hernández Jiménez v. AEE*, 194 DPR 378, 382-383 (2015) que:

> Todo ciudadano tiene un derecho estatutario a que un tribunal de superior jerarquía revise los dictámenes emitidos por los tribunales inferiores. Ahora bien, ese derecho queda condicionado a que las partes observen rigurosamente el cumplimiento de las disposiciones reglamentarias establecidas por nuestro ordenamiento jurídico sobre la forma, contenido, presentación y notificación de los

---

[12] *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014).

[13] Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. __, 215 DPR __ (2025).

[14] *Morán v. Martí*, 165 DPR 356, 364 (2005).

[15] Regla 26 (C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. __, 215 DPR __ (2025).

[16] *Febles v. Romar*, 159 DPR 714 (2003).

recursos, incluyendo lo dispuesto en los Reglamentos del Tribunal de Apelaciones y del Tribunal Supremo.

Es por lo anterior que, la parte que comparece ante el Tribunal de Apelaciones tiene la obligación de perfeccionar su recurso según lo exige el Reglamento del tribunal revisor, para así colocar al foro en posición de poder revisar al tribunal de instancia[17].

### III.

Como foro apelativo intermedio, estamos obligados a examinar si tenemos jurisdicción para atender el recurso presentado.

Empero, al revisar el expediente ante nuestra consideración, pudimos constatar que el señor Morales Vega no anejó copia de la *Sentencia* o determinación respecto a la cual nos solicita la modificación. El peticionario, tampoco incluyó una relación clara y concisa de los hechos materiales que originan la presentación del recurso que nos ocupa. En consecuencia, desconocemos cuales fueron los planteamientos del señor Morales Vega ante el foro recurrido.

Dichas omisiones por parte del peticionario, así como el incumplimiento con las disposiciones de nuestro Reglamento, tienen como resultado un recurso tan defectuoso que nos impide auscultar nuestra jurisdicción, para determinar si procede atenderlo en sus méritos y revisar la corrección del dictamen que se pretende impugnar.

En vista de lo anterior, procedemos a desestimar el recurso de epígrafe, de conformidad con la Regla 83(C) del Reglamento de este Tribunal[18], el cual le confiere facultad a este foro intermedio para, a iniciativa propia, desestimar un recurso de apelación o **denegar un auto discrecional cuando este foro carece de jurisdicción**.

---

[17] *Morán v. Martí*, 165 DPR 356, 367 (2005).

[18] Regla 83 (C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. __, 215 DPR __ (2025).

**IV.**

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, **_desestimamos_** el recurso de _certiorari_ de epígrafe por falta de jurisdicción.

Notifíquese a las partes, al Procurador General y al Secretario del Departamento de Corrección y Rehabilitación. El Administrador de Corrección deberá entregar copia de esta _Resolución_ al confinado, en cualquier institución donde este se encuentre.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. El juez Adames Soto concurre sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones